Robert Lewis ASKEW, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–052–CR.

Court of Appeals of Texas,
Beaumont.

Feb. 29, 1984.

Rehearing Denied March 21, 1984.

Discretionary Review Refused
Oct. 31, 1984.

Thomas P. Roebuck, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of aggravated robbery, and the jury assessed his punishment at twenty-five years in the Texas Department of Corrections. Appellant has perfected appeal to this Court.

His first ground of error follows: "The trial court erred in failing to grant appellant's motion for mistrial in response to the prosecutor's comments in closing argument at the punishment phase regarding extraneous offenses allegedly committed by the appellant." Specifically, the argument complained of is set out below:

"[PROSECUTOR]: Look at these. I think that we can all agree that he is not a very credible person. If you want to feel sorry, maybe we should feel sorry for Marjorie Dean. Who put Marjorie Dean in the situation where she was? Remember the way she referred to herself as she was his old lady? Who put her in that position? But yet Mr. Askew is electing to have the jury assess punishment while Mrs. Dean elected to have the Court assess her punishment. But look at what he says. He says, well, I never intended to steal that car and you people are wrong in finding me guilty of committing that aggravated robbery. I am sorry I did it, in fact, I think I might even have told the fellow I stole the car from I was sorry out there on the day that it happened. But look at what he hasn't said. He doesn't say anything about Mrs. McCloney. He doesn't say anything about the woman with her 7-year-old child that—

"[DEFENSE COUNSEL]: Your Honor, we are going to object to that. I don't think it is proper to argue an extra-

neous offense in the punishment of this case.

"THE COURT: Sustain the objection. Stay away from that area, Counselor."

Later in closing argument, the prosecutor said:

"But most of all let's go back and look at the way he has conducted this trial. He got up here and told you that the police officer didn't tell the truth. He told you that Mrs. McCloney didn't tell the truth. He told you several people didn't tell the truth. But if you believe him, anything he says, give him credit for it. If you want to give him credit for it, then you start off there at the bottom. But what have we got here? We have got some people that are passing through our county. What is about the only thing they do here in Jefferson County? They try to steal a car and then steal a car at gunpoint.

"[DEFENSE COUNSEL]: Your Honor, again we object and ask that Counsel be directed to stay away from that area and—

"THE COURT: Give me an objection."

"[DEFENSE COUNSEL]: I object to him alluding to extraneous offenses again.

"THE COURT: Sustain the objection.

"[DEFENSE COUNSEL]: We ask you to instruct the jury to disregard his statement, Your Honor.

"THE COURT: The jury will disregard any comment by [Prosecutor] that may allude to any other offense other than the one that is on trial.

"[DEFENSE COUNSEL]: We ask for a mistrial, Your Honor.

"THE COURT: Mistrial denied."

■ We first note that the ground of error is multifarious in that it refers to more than one portion of the prosecutor's argument. *Morgan v. State*, 545 S.W.2d 811 (Tex.Crim.App.1977). The trial court sustained appellant's objection to the first portion. This was all the relief sought by appellant at that point. See *Cherry v. State*, 488 S.W.2d 744 (Tex.Crim.App.1972),

cert. denied, 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973).

In *Smith v. State*, 653 S.W.2d 835, 841 (Tex.App.—Corpus Christi 1982, no writ), we find:

"The test as to whether an improper argument constitutes reversible error is whether (1) it is manifestly improper, harmful or prejudicial, or (2) it is violative of a statute, or (3) it injects a new and harmful fact into the case.... The harmful effect of an improper argument is generally cured by an instruction to disregard...."

This ground of error is overruled.

Appellant's final ground of error states: "The prosecutor erred in closing argument at the punishment phase in commenting adversely on the appellant's availing himself of his fundamental right to a trial by jury." Specifically, the prosecutor made the following argument:

"I am talking about the travesty that he put you citizens through and put the Court through going through this trial and the way that he testified and the way his witnesses testified."

■ At the outset, we note that the ground of error should be addressed to a ruling, charge, or failure by the *Court* deemed error, and not by the *prosecutor. TEX.CODE CRIM.PROC.ANN.PROC. ANN. art. 40.09(9)* (Vernon Supp.1982–1983). We do not believe the language used by the prosecutor commented adversely on the appellant seeking a jury trial, or was so understood by the jury. Further, appellant made no objection to the argument, so nothing is presented for review. See *23 TEX.JUR.3d, Criminal Law § 2928, at 743, 744* (1982). This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.